**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Valerie & Donald Taylor,                      Case No. 3:11-CV-1714

        Plaintiffs

    v.                                          **ORDER**

State Farm Fire & Casualty Co.,

        Defendant

      This is a case involving plaintiffs Valerie and Donald Taylor's insurance claim with defendant State Farm Fire & Casualty Company (State Farm). Plaintiffs' home burned down, and they claimed the loss of several items in the fire. After investigating, State Farm declined to pay the claims, citing numerous inconsistencies and misrepresentations in plaintiffs' story. Plaintiffs sued, claiming that State Farm breached the insurance contract and failed to act in good faith in denying the policy.

      Jurisdiction is proper under 28 U.S.C. § 1441.

      Pending is defendant's motion for summary judgment. [Doc. 19]. For the following reasons, I grant summary judgment to the defendant.

**Background**

      Defendant issued Rental Dwelling Policy No. 95-BR-A248-7 to plaintiffs, covering the property located at 413 Spring Grove St., Toledo, Ohio. This policy was in effect on July 11, 2010,

1

when Spring Grove burned down. Defendant also issued Homeowner's Policy No. 35-BS-C971-7 to plaintiffs, covering the property located at 814 Palmwood, Toledo, Ohio. Plaintiffs' sixteen-year-old son, Christopher Looney, lived at Spring Grove; plaintiffs and their other children lived at Palmwood.

After the Spring Grove fire, plaintiffs filed a claim for damage to the building under the Rental Dwelling Policy, and for damage to their personal property under the Homeowner's policy.

Defendant retained an Origin and Cause expert, Robert Marihugh, to investigate the cause of the fire. Marihugh determined that the fire was incendiary because there were three separate, unconnected areas of fire origin.

On August 11, 2010, plaintiffs submitted a personal property inventory form (PPIF) to defendant itemizing items damaged or destroyed in the fire. On October 21, 2010, Valerie Taylor submitted to an Examination Under Oath. Christopher Looney submitted to his on October 27, 2010, and Donald Taylor did the same on December 17, 2010.

During those interviews, several inconsistencies arose. Valerie Taylor declared that Spring Grove was not and never had been subject to foreclosure and that she was current and had been current on all payments through 2010; National Mortgage LLC filed a foreclosure action against plaintiffs on March 11, 2010 and obtained a Judgment Entry and Decree in Foreclosure against plaintiffs on July 8, 2010, three days before the fire.

Plaintiffs also told defendant that they were current on their bills at the time of the fire; their water, sewer, AT&T and trash bills for Spring Grove were all past due at the time of the fire. Donald Taylor was also in arrears on child support payments.

2

Plaintiffs claimed they were at Cedar Point at the time of the fire. Initially, Valerie Taylor told defendant the family purchased tickets at the Jeep County Credit Union, while Donald Taylor said they purchased the tickets at a Meijer on the morning of the fire. Defendant investigated, and found that plaintiffs purchased the tickets at a Meijer the morning before the fire.

Valerie Taylor testified that plaintiffs left Cedar Point around 10 PM on July 11, 2010, and arrived home to speak with Looney and an investigator, only one fire truck was present when they arrived, and that they returned to Palmwood afterward and Looney went to a friend's home. Donald Taylor testified that the fire department was gone when they arrived, and that Looney was not present. He further stated that afterward, plaintiffs picked Looney up from his friend's home and all of them returned to Palmwood after. Looney testified that he arrived at the fire scene between 8:15 and 8:30 p.m., plaintiffs arrived a half hour later, and he left with them to return to Palmwood without stopping at his friend's house at all.

On their PPIF, plaintiffs claimed the loss of several items they did not actually lose in the fire. This list included:

- A gas furnace plaintiffs initially claimed they lost in the fire, which they admitted they knew had been stolen on a date prior to the fire;

- Sixty t-shirts, which Valerie Taylor later admitted were "fine" and undamaged.

- A washer and dryer, which Valerie Taylor later admitted were undamaged.

- A stereo, which was actually located at Palmwood.

Each policy defendant issues states:

Concealment or Fraud: This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material face or circumstance relating to this insurance, whether before or after the loss.

3

Based on these misrepresentations, defendant denied plaintiffs' claims. Plaintiffs sued defendant in the Court of Common Pleas of Lucas County, Ohio, claiming breach of the duty of good faith. Defendant subsequently removed the case to federal court.

**Standard of Review**

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the opponent's evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex*, *supra*, 477 U.S. at 323.

**Discussion**

**A. Breach of Contract Claim**

Plaintiffs claim that defendant breached the insurance contracts when it declined to cover their claimed losses as a result of the fire. Defendant argues that its concealment of fraud clause voids its obligations under the contract.

Concealment or fraud clauses are fully enforceable under Ohio law. *See Smith v. Allstate Indem. Co.*, 304 Fed Appx. 430, 431-32 (6th Cir. 2008) (unpublished disposition) (upholding a district court's grant of summary judgment to an insurer on an insured's bad faith claim).

Defendant argues that plaintiff made five material misrepresentations: 1) whether the house was in foreclosure at the time of the fire; 2) whether plaintiffs were current on their bills at the time of the fire; 3) how and when plaintiffs obtained their tickets for their trip to Cedar Point on the day of the fire; 4) when plaintiffs arrived at the scene of the fire and what they did after they arrived; and 5) whether certain property was destroyed in the fire.[1]

"[A] misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented." *Abon, Ltd. v. Transcon. Ins. Co.*, 2005 WL 1414486, *13 (Ohio App. 2005) (unreported disposition) (quoting *Long v. Ins. Co. of N. Am.*, 670 F.2d 930, 934 (10th Cir. 1982)). A material misrepresentation is one "that significantly affects the rights or obligations of the insurer." *Parker v. State Farm & Cas. Co.*, 1988 WL 1058394, *3 (N.D. Ohio) (quoting *Mamco, Inc. v. American Employers Ins. Co.*, 736 F.2d 187, 190 n.6 (5th Cir. 1984)).

Plaintiffs argue that summary judgment is inappropriate because at the time of the fire they were only $256.15 behind on their payments and were making arrangements to pay off their other bills. Plaintiffs do not provide any response to defendant's claims that their statements concerning

---

[1] State Farm has also investigated whether plaintiffs had any role in setting the fire that destroyed their property, but does not allege that plaintiffs have made any specific misrepresentation about the origin of the fire or their role in setting it. Even if defendant does not allege those particular misrepresentations, other misrepresentations may still bear on an arson investigation, as predicates to determining whether plaintiffs had the motive or opportunity to set the fire.

the decision to travel to Cedar Point, their arrival back at Spring Grove or property lost in the fire were material.

Plaintiffs hid that they were in foreclosure at the time the fire consumed their property. Misrepresentation of foreclosure proceedings in an arson investigation is material, as the proceedings provide a motive for the insured to have participated in the arson. Any insurer investigating a insurance claim made following an arson would attach importance to a foreclosure judgment issued three days before the fire. That plaintiffs' property was foreclosed due to a relatively small arrearage is immaterial; it is the existence of the arrears itself that is the issue.

Misrepresenting one's financial status, or the value of property lost in a fire constitutes a material misrepresentation. *Parker*, *supra*, 1988 WL 1058394 at *3. Plaintiffs do not contend they were honest when defendant questioned them about their financial status, including being late on several utility bills and child support payments. Instead, they contend they were making efforts to resolve those issues and thus were not misrepresenting their late bills, because they had arranged to eventually resolve those issues. Because defendant was investigating plaintiffs' possible role in an incendiary fire, their financial status bore materially on their potential motive in setting the fire.

Likewise, plaintiffs' numerous contradictory statements about property lost or destroyed in the fire are material, as they bore materially on the amount defendant would pay out if it honored the policy. Plaintiffs offer no explanation or rationale for why they claimed certain items were lost or destroyed on their PPIF, then later told defendant the opposite.

I cannot say and need not reach whether plaintiffs' statements about their travel plans and the chain of events following their arrival at Spring Grove after the fire are intentional material misrepresentations. The statements may be as consistent with faulty memory as they are with an

intent to deceive. However, because plaintiffs made multiple material misrepresentations to defendant in the course of its investigation, the status of those statements is moot.

I grant summary judgment to defendant on plaintiffs' claim of breach of contract.

### B. Bad Faith Claim

Plaintiffs claim that defendant also acted in bad faith by refusing to cover their claims. Defendant claims that its investigation and plaintiffs' misrepresentations justified its refusal.

"[A]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 554 (1994) (further citations omitted). Where a policy does not cover a claim, it cannot be bad faith to refuse to cover it. *Pasco v. State Auto. Mut. Ins. Co.*, 1999 WL 1221633, *5-6 (Ohio App. 1999) (unreported opinion).

Granting summary judgment to defendant on the breach of contract claim compels me to grant summary judgment to defendant on the bad faith claim. Plaintiffs' numerous misrepresentations during defendant's investigation furnished reasonable justification for defendant's refusal to cover their claims.

### Conclusion

For the foregoing reasons it is hereby:

ORDERED THAT: defendant's motion for summary judgment [Doc. 19] be, and the same hereby is granted.

So ordered.

> s/James G. Carr
> Sr. United States District Judge